IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Cheryle Knecht, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16- |
| Financial Recovery Services | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Cheryle Knecht, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant, Financial Recovery Services, Inc. (hereafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Minnesota, with its principal office located at 4510 W. 77th Street, Suite 200, Edina, MN, 55435-5507 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Specifically, Plaintiff previously had a financial obligation to Meijer/General Electric Capital Corporation whereby payments were not made in some time whereby the account was ultimately charged off.

12. Plaintiff is of the information, knowledge and belief Defendant is the collection agency for LVNV Funding, LLC who acquired the Meijer/General Electric Capital Corporation account through alleged assignment or purchased as a debt buyer.

13. Defendant was retained by LVNV Funding, LLC. for the collection of the Meijer/General Electric Capital Corporation account against Plaintiff.

14. In January 2015, Ms. Knecht received a collection letter dated January 5, 2015 from Defendant for LVNV Funding, LLC. A copy of the collection correspondence is attached hereto as Exhibit 1 and incorporated herein by reference.

15. In February 2015, Ms. Knecht received a collection letter dated February 19, 2015 from Defendant for LVNV Funding, LLC. A copy of the collection correspondence is attached hereto as Exhibit 2 and incorporated herein by reference.

16. The January 5, 2015 and February 19, 2015 collection letters stated (a) the Defendant as assignee of LVNV Funding, LLC for Meijer/General Electric Capital Corporation; (b) balance due of $7,920.67; (c) account number as XXXXXXXXXXXX0232; and (d) file number for Defendant as MBN687. See Exhibits 1&2.

17. Based upon the January 5, 2015 and February 19, 2015 collection correspondence, Plaintiff last made a payment on the account June 4, 2006.

18. Based upon the January 5, 2015 and February 19, 2015 collection correspondence, the debt was "charged off" on January 7, 2007.

19. The January 2015 and February 2015 correspondence from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

20. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 19 above as if set forth fully herein.

21. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

22. The Plaintiff had not paid a payment on the debt owed on the Meijer/General Electric Capital Corporation account since June 4, 2006 and the collection letters were dated January 2015 and February 2015 over 8 years after her last payment which made the debt uncollectible as to the debtor.

23. Defendant in the January 2015 and February 2015 letters provides a balance itemization that states the principal balance is $4235.15 and the interest balance is $3,685.52 but yet the letter also states the charge-off date is January 7, 2007. See Exhibits 1 & 2.

24. Consequently, Defendant is attempting to collect interest on a charged-off debt when the court of appeals has opined it is a violation of FDCPA to do so. Specifically, the Court of Appeals for the Sixth Circuit ruled in *Stratton v. Portfolio Recovery Assocs*, LLC, 770 F.3d 443 (6th Cir. 2014), held that once a credit card is charged off, the creditor, as well as any subsequent purchaser of that debt, waives its right to collect interest.

25. By demanding amounts of interest for a charged off account, Defendant has confused Plaintiff as to what amount of money she owes on this account.

26. Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

27. Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

28. Plaintiff further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

29. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

30. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

31. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 30 above as if set forth fully herein.

32. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

33. As more fully described in the first cause of action *supra*, Defendant is attempting to collect interest when it is not entitled to do so and attempting to collect a debt that is time-barred. Alternatively, any interest amount sought is based on neither the original contract setting for the applicable interest rate nor permissible by applicable law.

34. By attempting to collect interest on a charged off debt and attempting to collect a time-barred debt, Defendant has confused Ms. Knecht as to what amount of money is owed on this account.

35. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## COUNT THREE: NEGLIGENT TRAINING AND SUPERVISION

36. The Plaintiff adopts the averments and allegations in paragraphs 1 through 35 hereinbefore as if fully set forth herein.

37. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

38. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

39. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

40. As a result of Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR:

## RECKLESS AND WANTON TRAINING AND SUPERVISION

41. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

43. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

44. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE: BREACH OF CONTRACT

45. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendant is in breach of the contract with Plaintiff, because it seeks to collect interest on a charged-off debt (Exhibits 1&2). Defendant is seeking collect more than it is entitled to collect evidenced by the collections letters.

47. The failure by Defendant to perform its fiduciary duty to accurately account for all payments made by Plaintiff has resulted in the Defendant breaching its contract with Plaintiff.

48. The Plaintiff has suffered damages as a result of this breach of contract, including actual damages and legal expenses to prosecute this breach of contract.

## TRIAL BY JURY

49. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 48 above as if set forth fully herein.

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That Plaintiff be awarded compensatory damages in the amount of $50,000.00 on Plaintiff's claims for damages due to the Defendant's negligent training and supervision of employees; reckless and wanton training and supervision and breach of contract; and

e) The Plaintiff be awarded punitive damages in an amount to be determined by a jury; and

f) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

g) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this 12th day of February, 2016.

        Cheryle Knecht

        **BY: /S/ Cynthia T. Lawson**
        **CYNTHIA T. LAWSON, #018397**
        **Bond, Botes & Lawson, P.C.**
        **Attorney for Plaintiff**
        **6704 Watermour Way**
        **Knoxville, TN 37901**
        **Phone: 865-938-0733**
        **cynthialawson@bbllawgroup.com**